18 A.3d 1030

IN THE MATTER OF KEVIN H. MAIN, AN ATTORNEY
AT LAW (ATTORNEY NO. 041121988).

May 11, 2011.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 10–309, 10–362, 10–363 and 10–390, concluding on the records certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **KEVIN H. MAIN** of **PRINCETON,** who was admitted to the bar of this State in 1988, should be suspended from the practice of law for a period of three months for unethical conduct in four client matters, including violations of *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to communicate with client), *RPC* 1.15(b) (failure to deliver settlement funds to client), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board having further concluded that prior to reinstatement to the practice of law, respondent should submit proof of his fitness to practice and that following reinstatement, he should be supervised by a practicing attorney for a period of two years;

And good cause appearing;

It is ORDERED that **KEVIN H. MAIN** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective June 11, 2011; and it is further

ORDERED that prior to reinstatement to practice, respondent shall provide proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that following reinstatement to the practice of law, respondent shall practice under the supervision of a practicing

attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent shall comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent shall reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.