J-S48005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REYSHAWN CHERRY, | : | |
| | : | |
| Appellant | : | No. 183 EDA 2018 |

Appeal from the Judgment of Sentence December 29, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0007964-2016

BEFORE: DUBOW, J., MURRAY, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.:            **FILED OCTOBER 18, 2018**

Appellant, Reyshawn Cherry, appeals from the Judgment of Sentence entered by the Philadelphia County Court of Common Pleas following her convictions after a bench trial of Robbery, Theft by Unlawful Taking, Receiving Stolen Property ("RSP"), Possession of an Instrument of Crime ("PIC"), Simple Assault, and Recklessly Endangering Another Person ("REAP").[1] Appellant challenges the sufficiency of the evidence supporting her convictions for Robbery and PIC, and the discretionary aspects of her sentence. After careful review, we affirm.

_____

[1] 18 Pa.C.S. § 3701(a)(1)(iv); 18 Pa.C.S. § 3921; 18 Pa.C.S. § 3925; 18 Pa.C.S. § 907; 18 Pa.C.S. § 2701; and 18 Pa.C.S. § 2705, respectively.

_____

* Retired Senior Judge assigned to the Superior Court.

On May 30, 2016, Appellant took an Uber[2] car to drive her from Temple University to a hotel in West Philadelphia. A short time later, Appellant realized that she had left her phone in the Uber vehicle, so she called the Uber driver ("Victim") seeking the return of her phone. The Victim was reluctant to return to the area because he had another customer and was in Northeast Philadelphia. The Victim agreed to return the phone after Appellant promised to pay him twenty dollars.

When the Victim returned to Appellant's hotel with her phone, Appellant opened the passenger side door, pointed a Taser at him, and demanded her phone. When the Victim asked for the twenty dollars she had promised him, Appellant ignored him and said, "If you don't give me my phone, I'm going to tase you again with the [T]aser." N.T. Trial, 6/21/17, at 13. Appellant "then showed [the victim] it[] work[ed]." ***Id.***

The Victim opened the glove compartment and removed Appellant's phone. Appellant took the phone, and then reached into the Victim's glove compartment and grabbed twenty dollars. After Appellant returned to the hotel, the Victim went into the hotel and asked a hotel employee to call the police. The Victim later identified Appellant as the person who had threatened him with the Taser and stolen his money. Police recovered a black Taser from

---

[2] Uber is a rideshare service similar to a taxi company.

Appellant's hotel room, and the Victim confirmed it was the same Taser Appellant had used to threaten him.

The Commonwealth charged Appellant with Robbery, Theft by Unlawful Taking, RSP, PIC, Simple Assault, and REAP. After a bench trial, the trial court found Appellant guilty of the above offenses.

On December 29, 2017, the trial court imposed an aggregate term of two to four years' incarceration, followed by five years' probation.[3] Significantly, Appellant did not file a Post-Sentence Motion.

On January 4, 2018, Appellant filed a timely Notice of Appeal.[4]

Appellant presents three issues for our review:

1. Was not the evidence insufficient as a matter of law to sustain [A]ppellant's conviction for robbery, felony of the second degree, pursuant to 18 Pa.C.S. § 3701(a)(1)(iv), where the Commonwealth's evidence failed to prove beyond a reasonable doubt that [A]ppellant committed robbery as 1) when she merely recovered her own property from the complainant there was no theft of another's property with the intent to deprive thereof and 2) when she took money from the glove compartment, it was a mere theft, not a robbery, as nothing was taken from the complainant's person and no threat was involved?

2. Was not the evidence insufficient as a matter of law to sustain [A]ppellant's conviction for possession of an instrument of crime because when she held the taser, the purported instrument of crime, no crime was committed as the evidence of robbery and theft of the phone is insufficient, thus a necessary element of the offense is lacking?

---

[3] Appellant's sentence is within the standard guideline range. *See* N.T. Sentencing, 12/29/17, at 10, 23-24.

[4] The presiding judge, who is no longer sitting, did not order Appellant to file a Pa.R.A.P. 1925(b) Statement of Errors and did not file a 1925(a) Opinion.

3. Did not the lower court violate the Sentencing Code and 42 Pa.C.S. § 9721(b) by imposing a state sentence upon [A]ppellant, who was four months pregnant at the time, disregarding significant evidence of mitigation, including [A]ppellant's mental health diagnosis, prior and recent significant positive responses to probation supervision, including steady employment and attendance at therapy which resulted in a sentence which isolated [A]ppellant away from family visitation support at a distant state penal institution, a circumstance which undoubtedly contributed to a stillborn birth?

Appellant's Brief at 4-5.

**Sufficiency of the Evidence: Robbery**

Appellant first challenges the sufficiency of the evidence supporting her conviction for Robbery. Appellant's Brief at 15-17. Appellant argues "there can be no theft where [she] did not take complainant's property (the phone) nor did she intend to deprive him of his property, as it was actually her property." *Id.* at 16.

"A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility

of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.* "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

A person is guilty of Robbery if, in the course of committing a theft, he or she "threatens another with or intentionally puts him in fear of immediate bodily injury[.]" 18 Pa.C.S. § 3701(a)(1)(iv).

Our review of the record, in the light most favorable to the Commonwealth as the verdict winner, indicates that the evidence was sufficient to support every element of Robbery beyond a reasonable doubt. While leaning into the Victim's vehicle, Appellant pointed the Taser in a threatening manner, issued a verbal command and a threat that showed her intent, and even demonstrated that the Taser worked. Appellant's argument—that she owned the phone and had the right to take it from the Victim—simply ignores the Victim's testimony about the money Appellant took from the Victim's glove compartment after she threatened him with the Taser. Applying our standard of review, we conclude Appellant's claim lacks merit, and she is, thus, not entitled to relief.

### Sufficiency of the Evidence: PIC

Appellant next argues that her PIC conviction lacked sufficient evidentiary support because "a [T]aser is not inherently an instrument of crime." Appellant's Brief at 17-18. Relying on her previous argument,

Appellant also contends that her PIC conviction is unsustainable because the evidence did not support her Robbery conviction. *Id.* at 17.

To sustain a conviction for PIC, the Commonwealth must prove that the defendant (1) possessed an instrument of crime, (2) with intent to employ it criminally. *See* 18 Pa.C.S. § 907(a). Under the statute, an "instrument of crime" is defined, in pertinent part, as "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S. § 907(d).

Here, Appellant possessed and used the Taser for a criminal purpose, namely, to commit the Robbery. The evidence here showed that Appellant possessed the Taser under circumstances "not manifestly appropriate for lawful uses it may have." *Id.* As we previously concluded, sufficient evidence supported Appellant's Robbery conviction. Accordingly, her argument fails to provide relief. We conclude that, as a matter of law, the evidence supported the PIC conviction.[5]

### Discretionary Aspect of Sentence

Appellant argues that the trial court abused its discretion in imposing her sentence because the court "failed to take [A]ppellant's extensive

---

[5] Appellant's attempt to characterize her theft of $20 from the Victim's glove compartment as a crime of opportunity unrelated to PIC is specious, at best. *See* Appellant's Brief at 18 n.9.

mitigation into consideration." Appellant's Brief at 14.[6] Such a claim challenges the discretionary aspect of her sentence.

Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Id.* (citation omitted).

"Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted). *See also Commonwealth v. Cartrette*, 83

---

[6] Appellant recited several factors the court purportedly failed to consider, including "evidence that [A]ppellant suffered from severe mental illness – bipolar disorder, as well as ADHD, had secured employment[,] and had been regularly attending the therapy sessions set up for her by the probation department." *Id.* at 11. Appellant also alleges that "the court sentenced appellant outside the norms of sentencing practice when it condemned a pregnant woman to the unnecessary isolation which may have directly resulted in the death of her baby." *Id.* at 14.

A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (concluding substantial question waived for failing to raise it at sentencing or in post-sentence motion); ***Commonwealth v. Tejada***, 107 A.3d 788, 799 (Pa. Super. 2015) (observing the trial court must be given the opportunity to reconsider its sentence either at sentencing or in a post-sentence motion).

Here, Appellant timely filed her appeal. However, she did not preserve this issue in a Post-Trial Motion or at sentencing. Appellant has, thus, waived her challenge to the discretionary aspects of her sentence.

In light of the foregoing, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/18/18</u>